[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS PURSUANT TO C.G.S. SECTION 17a-112(d)
The following findings are made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent arid the child by an agency to CT Page 3990 facilitate the reunion of the child with the parent.)
DCF attempted offered appropriate and timely services to the parents to promote reunification, but they failed to participate fully in services offered. On November 21, 2000, the court (Keller, J.) found efforts toward reunification with the parents were no longer appropriate.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF made reasonable efforts to reunite the respondent parents with Dytoyah.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
The respondent father never attended a court session so no specific steps toward reunification were ever set for him. Mother was issued specific steps on December 21, 1999, but she failed to fulfill her obligations under said steps.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents. any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The child has little if any positive feelings toward her parents, who have had only sporadic contact with her. She is bonded to her current foster parents, with whom she has lived since October of 1999.
5. (Finding regarding the age of the child.)
Dytoyah is now two years old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to:(A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of CT Page 3991 the child.)
Neither parent has made realistic or sustained efforts to conform their conduct to even minimally acceptable parental standards. They have failed to maintain regular contact with their child or with the petitioner. In fact, both parents acknowledge they are not up to the task of caring for this severely medically fragile child, who requires constant and consistent nursing care.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that either parent was prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the department or any other person, or by their own economic circumstances. Admittedly, father's geographical distance from the child inhibited efforts.
KELLER, J.